**ANDERSON BANTA CLARKSON PLLC**

48 NORTH MACDONALD

MESA, ARIZONA  85201

TELEPHONE (480) 788-3053

Adam C. Anderson/024314

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

## PHOENIX DIVISION

| | |
|---|---|
| KYLE FLOOD, | |
| Plaintiff, | |
| vs. | |
| US COLLECTIONS WEST, INC., | |
| Defendant, | |

### COMPLAINT

NOW COMES the plaintiff, KYLE FLOOD, by and through his attorneys, ANDERSON BANTA CLARKSON PLLC, and for his Complaint against the defendant, US COLLECTIONS WEST, INC., the plaintiff states as follows:

**I.    PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

## II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III. PARTIES

4. KYLE FLOOD, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Mesa, County of Maricopa, State of Arizona.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Midtown on Main Apartment Complex (hereinafter, "the Debt").

6. The Debt was for a residential lease on Plaintiff's then primary residence.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. US COLLECTIONS WEST, INC., (hereinafter, "DEFENDANT") is a business entity engaged in the collection of debt within the State of Arizona. Defendant's principal place of business is located in the State of Arizona. Defendant is incorporated in the State of Arizona.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. In or around October 2015, Defendant contacted Plaintiff's cousin's wife and informed her that it was attempting to contact Plaintiff; Defendant provided a return contact telephone number.

15. Plaintiff's cousin informed Plaintiff that Defendant was attempting to contact him and provided Plaintiff with the contact information that Defendant had given him.

16. On or about October 16, 2015, Plaintiff initiated a telephone call to Defendant.

17. During the course of his telephone call with Defendant on or about October 16, 2015, Plaintiff spoke with an individual that identified himself as Mike Patterson, a duly authorized representative of Defendant.

18. During the course of the aforesaid telephone call between Defendant and Plaintiff, Defendant informed Plaintiff that it was contacting him to collect the Debt.

19. During the course of the aforesaid telephone call between Defendant and Plaintiff, Defendant informed Plaintiff that if Plaintiff paid the Debt, Defendant would stop the Debt from going on to Plaintiff's credit report.

20. Upon information and belief, the aforesaid statement regarding credit reporting was false, deceptive, and misleading given that, at the time that Defendant made the assertion regarding credit reporting, Defendant had already reported the Debt to the credit reporting agencies.

21. During the course of the aforesaid communication between Defendant and Plaintiff, Defendant informed Plaintiff that the balance on the Debt was approximately $3,745.

22. Plaintiff disputes the Debt. Plaintiff vacated the premises at the conclusion of his lease with a zero balance outstanding. Further, the property was left in such a condition that no reasonable charges could have been imposed for any putative damage.

23. When Plaintiff explained to Defendant that he disputed the Debt, Defendant informed Plaintiff that it did not matter as a lien had already been approved and Plaintiff would be subject to garnishment if he did not pay the Debt.

24. The aforementioned representation had the effect of conveying to an unsophisticated consumer that a judgment had been entered against Plaintiff and that a garnishment order had been filed and approved.

25. Defendant's representations, as delineated above, were false, deceptive, and misleading given that, upon information and belief, no judgment has been entered against Plaintiff and no Order of Continuing Lien has been filed and/or approved.

26. Defendant's representations, as delineated above, misrepresented the character, amount, and/or legal status of the Debt given that, upon information and belief, no judgment has been entered against Plaintiff and no Order of Continuing Lien has been filed and/or approved.

27. Further, Defendant stated that a judgment had been entered against Plaintiff for the Debt.

28. Upon information and belief, no judgment has been entered against Plaintiff for the Debt.

29. In its attempts to collect the debt allegedly owed by Plaintiff to Midtown on Main, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading, and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;
   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);
   c. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

  d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

  e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

30. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish, and emotional distress.

## V. JURY DEMAND

31. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff KYLE FLOOD, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

**ANDERSON BANTA CLARKSON PLLC**

By /s Adam C. Anderson

Adam C. Anderson
48 North MacDonald Street
Mesa, AZ  85201
Attorney for Plaintiff